**Elbert Ray CHADWICK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 264-89.**

Court of Criminal Appeals of Texas,
En Banc.

May 2, 1990.

Warren N. Abrams, Dallas, for appellant.

John Vance, Dist. Atty., and Donald G. Davis, Elizabeth Crowder and Lisa Furman, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appeal is taken from a conviction for driving while intoxicated. Punishment was assessed at ninety (90) days and a fine of $500.00, probated for two years. On direct appeal, the conviction was affirmed. *Chadwick v. State*, 766 S.W.2d 819 (Tex. App.—Dallas 1988).

On Petition for Discretionary Review, appellant urges that the Court of Appeals erred by holding that the audio portion of his DWI videotape need not have been suppressed from the point at which he expresses an unwillingness to perform the videotaped sobriety tests without his lawyer being present. The audio track in question contains only the police officer's advice to appellant that the State did not have to provide him with a lawyer until after he

took the sobriety tests, the officer's requests that the appellant perform three sobriety tests, appellant's verbal responses to the test questions[1], and discussion concerning whether appellant would undergo breath or blood tests to determine the alcohol concentration in his blood.

We find this case to be governed by *Jones v. State*, 795 S.W.2d 171, (Tex.Cr. App., 1990). Having discussed the identical issues in that case, we see no need to reiterate our analysis here.

The judgment of the Court of Appeals is affirmed.

CLINTON, J., concurs in the result.

Teague, J., dissents.

---

1. Appellant was asked to count backwards from 35 to 18, to read the "six flags" card, and to recite the alphabet. He was able to perform the count correctly, except that he continued through 15. He read the card adequately, with only a few stumbles. His recitation of the alphabet omitted only a few letters, although appellant attempted to explain by claiming not to know the entire alphabet. Nothing else was asked of him on the tape, nor were any other comments made.