George STANGE, Petitioner,

v.

Honorable Charles WORDEN, et al., Respondents.

No. 90–3194–S.

United States District Court, D. Kansas.

Jan. 16, 1991.

See also 791 P.2d 754.

Michael S. Holland, Russell, Kan., for petitioner.

John K. Bork, Asst. Atty. Gen., Topeka, Kan., for respondents.

## ORDER

SAFFELS, District Judge.

This matter is before the court on an application for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner seeks a new trial and alleges violation of the fifth and fourteenth amendments in his conviction for driving while intoxicated. The state filed an answer and return and petitioner filed a traverse. Having reviewed the record, the court makes the following findings and order.

*Factual Background:*

A Smith County sheriff's officer stopped and arrested petitioner for driving on a revoked license. The officer smelled alcohol on petitioner's breath, and observed petitioner's slurred speech. This confirmed earlier information received by the officer that petitioner had been drinking. The officer advised petitioner of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and petitioner requested counsel. The officer took petitioner to the station to conduct a videotaped sobriety test, where he arrested petitioner for driving while under the influence

of intoxicating liquor, K.S.A. 8–1567. Petitioner consented to having a blood alcohol test performed, but at the hospital he refused to sign the waiver. The officer construed that as a refusal to take the test. The sobriety testing and events at the hospital were done without counsel being present. Petitioner's charge of driving while under the influence was tried to a jury. During the trial, the videotape was played to the jury, over petitioner's objection. Petitioner was convicted as charged and sentenced to nine (9) months, including a mandatory ninety (90) day jail period. The videotape was not available on appeal because it had been erased by the sheriff's office. Petitioner's convictions were affirmed by the Kansas Court of Appeals. 791 P.2d 754.

*Discussion:*

Petitioner raises two claims of constitutional error. He first claims his fifth and fourteenth amendment rights to a fair trial were denied when the trial court admitted evidence acquired or obtained after petitioner had been arrested, advised of his *Miranda* rights, and had requested an attorney. The fifth amendment right against self incrimination, applicable to the states under the fourteenth amendment, dictates that once a person has been advised of his *Miranda* rights and has requested counsel, all custodial interrogation must cease until counsel is provided, and any further statements made without counsel present are inadmissible. *Edwards v. Arizona,* 451 U.S. 477, 484–85, 101 S.Ct. 1880, 1884–85, 68 L.Ed.2d 378 (1981). In this case, petitioner broadly asserts that once he was arrested for driving on a revoked license, and then arrested for driving under the influence, and once *Miranda* rights were given after each arrest, that all questioning, including sobriety testing, had to stop once petitioner requested counsel. This is not accurate.

*Pennsylvania v. Muniz,* — U.S. —, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990), recently established that petitioner's constitutional right to counsel as protection against self incrimination attached on being arrested for driving under the influ-

ence. *See also Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984); *Cordoba v. Hanrahan*, 910 F.2d 691, 693 (10th Cir.) *cert. denied,* — U.S. ——, 111 S.Ct. 585, 112 L.Ed.2d 590 (1990). The constitutional right, however, protects an accused against the use of incriminating evidence unlawfully obtained during custodial interrogation. Under *Muniz*, it is clear that nontestimonial information obtained from the accused does not fall within the protective constitutional scope of the fifth amendment. *Muniz*, — U.S. at —— ——, 110 S.Ct. at 2651–54.

■ In the present case, the court finds no violation of the petitioner's right against self incrimination. The sobriety testing did not constitute continued interrogation. During the sobriety testing, petitioner was asked to perform several simple balance and coordination physical tasks, and was asked to recite the alphabet. Petitioner's performance of the physical skills did not constitute a testimonial statement, and thus was admissible evidence despite the fact that petitioner's fifth amendment right to counsel had attached. *Muniz*, at ——, n. 17, 110 S.Ct. at 2651, n. 17.

If there was constitutional error, it was in the admission of the audio portion of that section of the video in which petitioner recited the alphabet. A similar task, counting aloud, was present in the sobriety testing in *Muniz*. There, the court did not decide whether such testing would be testimonial within the meaning of the constitutional privilege against self incrimination. *Id.* at ——, n. 17, 110 S.Ct. at 2651, n. 17. Petitioner's recitation of the alphabet obviously went beyond mere physical performance because it involved an audible and cognitive response. Although the skill being tested did not require the revealing mental computation of a sixth year birth date found to be testimonial in *Muniz*, the question for the court to decide is whether petitioner's response contained a testimonial component. *Id.* at ——, 110 S.Ct. at 2646.

■ A response is testimonial if the petitioner is required to communicate an express or implied assertion of fact or be-

lief and thus faces the "cruel trilemma" of responding with truth, falsity or silence. *Id.* at ——, 110 S.Ct. at 2648. The court views the task of reciting the alphabet, like counting aloud, to so minimally require an assertion of fact that it strains constitutional analysis to find the response testimonial and thus protected under the fifth amendment. *See also, Edwards v. Bray*, 688 F.2d 91 (10th Cir.1982) (recitation of alphabet in sobriety test elicited evidence of physical condition of body rather than disclosure of suspect's knowledge of his intoxication).

■ Even if petitioner's recitation of the alphabet could be construed as testimonial, and its admission constitutional error, such error was harmless. As discussed above, petitioner's performance of the physical skills required in the sobriety test were properly before the jury. The officer testified that petitioner smelled of alcohol, acted sluggishly, and, in the officer's opinion, failed the sobriety test. A witness confirmed that petitioner had been drinking earlier in the evening that petitioner was arrested. Reviewing the whole record, the court finds the jury was presented with enough evidence to convince a rational factfinder beyond a reasonable doubt that petitioner drove his truck while under the influence of alcohol. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Soap v. Carter*, 632 F.2d 872 (10th Cir.1980) *cert. denied*, 451 U.S. 939, 101 S.Ct. 2021, 68 L.Ed.2d 327 (1981).

■ Secondly, petitioner claims his fifth and fourteenth amendment rights to due process and fair and meaningful appellate review were violated by the State's intentional destruction of the videotape. The court disagrees. Absent nothing more than the bald and conclusory allegation of petitioner, the court will not presume the State intentionally destroyed the videotape evidence. Petitioner argues the videotape portrayed colloquy between the sheriff and petitioner, and thus contained testimonial evidence that should not have been shown to the jury. Presumably, petitioner refers to more than the physical testing and reci-

tation of the alphabet discussed above. Petitioner, however, does not indicate the nature and extent of the colloquy and this court will not presume constitutional error. Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus is dismissed and all relief denied. The clerk of the court is directed to transmit copies of this Order to the parties herein and to the Office of the Attorney General for the State of Kansas.