599 So.2d 728 (1992)
Diane Regina CONTINO, Petitioner,
v.
STATE of Florida, Respondent.
No. 92-00645.
District Court of Appeal of Florida, Second District.
May 29, 1992.
*729 Brian P. Gabriel of Springer & Springer, Palm Springs, for petitioner.
No appearance for respondent.
PER CURIAM.
Diane Contino seeks certiorari review of a circuit court appellate decision.
Ms. Contino was arrested for driving under the influence of alcohol, after she failed to pass a roadside sobriety test. Another test, this one videotaped, was administered at the county jail. As part of the second test Ms. Contino was instructed to recite the alphabet. Despite three opportunities, she could not get past the letter "P."
The county court, which granted Ms. Contino's motion to suppress the results of the second sobriety test, held that recitation of the alphabet under these circumstances was "testimonial," thereby triggering the protection afforded by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Though the record suggests that Ms. Contino received Miranda warnings prior to any sobriety testing, the county court also made the specific finding that she had not waived her right against self-incrimination. The dispositive question, therefore, is whether compulsory recitation of the alphabet is "testimonial." If so, the county court was correct in suppressing the test results. If not  as the circuit court held on appeal  those test results are admissible with or without a waiver of Miranda rights. Pennsylvania v. Muniz, 496 U.S. 582, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).
The United States Supreme Court has, on at least two occasions, specifically declined to address the precise question we now confront. Muniz, 496 U.S. at 603, 110 S.Ct. at 2651 n. 17, 110 L.Ed.2d at 553 n. 17 (counting); Pennsylvania v. Bruder, 488 U.S. 9, 11 n. 3, 109 S.Ct. 205, 207 n. 3, 102 L.Ed.2d 172, 177 n. 3 (1988). However, a majority in Muniz did consider "testimonial" the response to a question about the date of a suspect's sixth birthday. The unsuccessful answer "was incriminating, not just because of his delivery, but also because of his answer's content." 110 S.Ct. at 2645, 110 L.Ed.2d at 546 (emphasis in original).
Chief Justice Rehnquist, dissenting in Muniz, saw no distinction in extracting a blood sample for alcohol content  permissible without Miranda warnings  and "examin[ing] the functioning of Muniz' [sic] mental processes for the same purpose." 110 S.Ct. at 2653, 110 L.Ed.2d at 556. Indeed, Muniz blurs the distinction between testimony and physical evidence. It is fair to say, however, that recitation of the alphabet  something most people would do almost reflexively  is even less content-oriented than trying to figure a specific date. Viewed in the abstract, the question asked of Muniz could serve a two-fold purpose  judging the effect of alcohol consumption on a suspect's powers of recall or a request for information, however meaningless in the context of a particular investigation. The protection of the Fifth Amendment should not vary with the difficulty *730 or even the relevance of the questions asked. But where the only significance of an utterance is the manner in which it is made, "the truth-falsity-silence predicament" of Muniz simply does not occur. Whereas one conceivably could be motivated to lie about his birthdate, the order of the alphabet is not susceptible to prevarication or alteration for ulterior motive.
Prior to Muniz the nation's courts stood almost unanimously against the suggestion that alphabet or similar recitations were sufficiently communicative to require Miranda warnings. See, e.g., Edwards v. Bray, 688 F.2d 91 (10th Cir.1982); State v. Superior Court of the State of Arizona, 154 Ariz. 275, 742 P.2d 286 (1987); Oxholm v. District of Columbia, 464 A.2d 113 (D.C.App. 1983); Hughes v. State, 259 Ga. 227, 378 S.E.2d 853 (1989); McAvoy v. State, 70 Md. App. 661, 523 A.2d 618 (1986), aff'd, 314 Md. 509, 551 A.2d 875 (1989); People v. Burhans, 166 Mich. App. 758, 421 N.W.2d 285 (1988); State v. Zummach, 467 N.W.2d 745 (N.D. 1991); State v. Medenbach, 48 Or. App. 133, 616 P.2d 543 (1980); State v. Meek, 444 N.W.2d 48 (S.D. 1989); Chadwick v. State, 766 S.W.2d 819 (Tex. App.-Dallas 1988), aff'd, 795 S.W.2d 177 (Tex. Crim. App. 1990); State v. Haefer, 110 Wis.2d 381, 328 N.W.2d 894 (1982). Contra, Commonwealth v. Conway, 368 Pa.Super. 488, 534 A.2d 541 (1987), app. denied, 520 Pa. 581, 549 A.2d 914 (1988). The handful of decisions post-Muniz do not reach a contrary result. See, e.g., Stange v. Worden, 756 F. Supp. 508 (D.Kans. 1991); People v. Bugbee, 201 Ill. App.3d 952, 147 Ill.Dec. 381, 559 N.E.2d 554 (1990); State v. Maze, 825 P.2d 1169 (Kan. Ct. App. 1992); Dawkins v. State, 822 S.W.2d 668 (Tex. App.-Waco 1991), rev. refused, 825 S.W.2d 709 (Tex. Crim. App. 1992). This appears to be a case of first impression in Florida.[1]
The reasoning of the cases both before and after Muniz is persuasive.
The questions asked here did not require the suspect to disclose his knowledge of his intoxication. They elicited tangible evidence of the physical condition of the suspect's body.
The responses were no more testimonial or communicative than a voice exemplar.
Edwards v. Bray, 688 F.2d at 92.
A response is testimonial if the [suspect] is required to communicate an express or implied assertion of fact or belief ... [R]eciting the alphabet, like counting aloud ... so minimally require[s] an assertion of fact that it strains constitutional analysis to find the response testimonial and thus protected under the fifth amendment.
Stange v. Worden, 756 F. Supp. at 510.
We conclude that such relatively content-free oral declarations as recitations of the alphabet or simple counting exercises, when administered as part of driver sobriety tests, are not sufficiently testimonial in nature to require Miranda warnings prior to their administration. Instead, such performances are only "simple tests of ... physical coordination and verbal articulation, both of which are affected by alcohol consumption." State v. McAvoy, 70 Md. App. at 670, 523 A.2d at 623. The sort of response afforded Fifth Amendment protection by Muniz surely represents "the outer boundaries of what is testimonial." State v. Maze, 825 P.2d at 1172. We hold that the circuit court correctly overturned the decision of the county court to suppress the results of Ms. Contino's sobriety test.
Petition for writ of certiorari denied.
RYDER, A.C.J., PARKER and ALTENBERND, JJ., concur.
NOTES
[1] Contino submits two appellate decisions from circuit courts outside our jurisdiction, both of which exclude alphabet recitations obtained without a waiver of Miranda rights. State v. Allred, No. 90-0075 AC (A) 02, and State v. Diandrea, No. 90-0072 AC (A) 02, both rendered November 27, 1991, by the Circuit Court in and for Palm Beach County.