POLEN, Judge.
We grant certiorari and quash the opinion of the circuit court sitting in its appellate capacity. In that opinion, the circuit court concluded that the county court was correct when it held that a roadside test administered to the defendant called for a testimonial response and was correctly suppressed. We disagree.
The defendant at bar was asked to recite a portion of the alphabet, the letters “C” to “W.” He successfully recited the letters from “C” to “P,” then he paused and continued, “Q, U, S, W, X, Y.”[1] When a person who knows the alphabet is asked at roadside to recite the alphabet or a portion thereof, the person does not consider whether he should lie or tell the truth. His only thought is whether he is able to recite it correctly. In our view, this must be distinguished from a situation where the person is asked to relate factual information tending to connect him to the offense, i.e., if the DUI suspect were asked whether he had been drinking, how much he drank, or whether he was driving. In the latter case, the suspect would be confronted with the trilemma of answering truthfully, lying, or remaining silent. The defendant’s recitation of a portion of the alphabet communicates no thought or belief, arguably no more so than his attempt to walk a straight line when requested to do so; yet, his success or failure to carry out such instructions is admissible.
In its affirmance of the County Court's order suppressing the suspect’s recitation of the alphabet, the trial court relied upon Pennsylvania v. Muniz, 496 U.S. 582, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990). The majority in Muniz considered the response to a question about the date of the suspect’s sixth birthday to be “testimonial.” We agree with the Second District’s opinion in Contino v. State, 599 So.2d 728 (Fla. 2d DCA 1992), which states in pertinent part:
Indeed, Muniz blurs the distinction between testimony and physical evidence. It is fair to say, however, that recitation of the alphabet — something most people would do almost reflexively — is even less content-oriented than trying to figure a specific date ... Whereas one conceivably could be motivated to lie about his birthdate, the order of the alphabet is not susceptible to prevarication or alteration for ulterior motive.
Id. Thus, we agree with the reasoning of the dissenting opinion in Muniz, that
[i]f the police may require Muniz to use his body in order to demonstrate the level of his physical coordination, there is no reason why they should not be able to require him to speak or write in order to determine his mental coordination.
110 S.Ct. at 2653.[2] Accordingly, we hold that recitation of a portion of the alphabet is not testimonial in nature so as to implicate Fifth Amendment concerns and that the court erred when it suppressed such evidence. We therefore remand for proceedings consistent with this opinion.
DELL, J., concurs.
ANSTEAD, J., dissents with opinion.

. The defendant was also asked to count from 1,001 to 1,030 while standing on one leg, but he withdrew his motion to suppress his response to that request at the suppression hearing.

. Since Muniz, other jurisdictions have held that the response to a request to recite the alphabet is not testimonial. See People v. Bugbee, 201 Ill.App.3d 952, 147 Ill.Dec. 381, 559 N.E.2d 554 (1991); Stange v. Worden, 756 F.Supp. 508 (U.S.D.C.Kan.1991); and State v. Zummach, 467 N.W.2d 745 (N.D.1991).