**James Cagney VICKERS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–92–362–CR.**

Court of Appeals of Texas,
Fort Worth.

June 15, 1994.

**330**

Earl R. Waddell, III, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., John A. Stride, Asst., Fort Worth, for appellee.

Before HILL, C.J., and LATTIMORE and FARRAR, JJ.

## OPINION

HILL, Chief Justice.

James Cagney Vickers appeals his conviction by a jury for the offense of driving while intoxicated. The jury assessed his punishment at a fine of $1000 and 365 days in the Tarrant County jail. In three points of error Vickers urges that the trial court erred by admitting portions of a videotape depicting custodial statements in violation of his rights under the Fifth Amendment to the United States Constitution, under article I, section 10 of the Texas Constitution, and under articles 38.21, 38.22, and 38.23 of the Texas Code of Criminal Procedure. He urges in a fourth point of error that the trial court erred in the punishment phase of the trial by admitting opinion testimony of nonexpert witnesses who had no personal knowledge of his character, in violation of rules 405, 602, and 701 of the Texas Rules of Criminal Evidence.

We affirm because we hold beyond a reasonable doubt that the trial court's admission of a videotape showing Vickers taking a sobriety test consisting of the recitation of the alphabet from "f" to "w" and of his efforts to count backwards from ninety to seventy-five, although violating his right against self-incrimination under the Fifth Amendment to the United States Constitution, was harmless. We further hold that inasmuch as Vickers did not make the same complaint at trial as to the character witnesses as the complaint he makes upon this appeal, he presents nothing for review as to that point.

■ Vickers contends in point of error number one that the trial court erred by admitting portions of a videotape depicting his custodial statements in violation of his rights under the Fifth Amendment to the United States Constitution.

Police officers detained Vickers following a collision between him and another motorist. After conducting certain field sobriety tests, the officers arrested Vickers for driving while intoxicated. After his arrest, officers videotaped Vickers while he was being asked to recite the alphabet from "f" to "w" and to count backwards from ninety to seventy-five. Vickers recited the alphabet from "a" to "w" and could not count backwards from ninety to seventy-five. Vickers was not warned of his rights pursuant to the requirements of *Miranda* until after the videotaping was concluded. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The United States Supreme Court has held that the responses of a driving while intoxicated suspect as to the date of his sixth birthday, without his having been advised of his rights as required by *Miranda,* should have been suppressed because his response was testimonial in nature since it showed that his mind was confused. *Pennsylvania v. Muniz,* 496 U.S. 582, 598–600, 110 S.Ct. 2638, 2649, 110 L.Ed.2d 528, 550–51 (1990).

In this case, Vickers' responses to the State's request that he recite the alphabet from "f" to "w" and that he count backwards from ninety to seventy-five showed that his mind was confused. Consequently, we hold that his response was testimonial in nature and that it should have been suppressed. *See Allred v. State,* 622 So.2d 984, 987 (Fla. 1993); *Commonwealth v. Conway,* 368 Pa.Super. 488, 534 A.2d 541, 546–47 (1987), *rev. denied,* 520 Pa. 581, 549 A.2d 914 (1988).

The State relies on the following cases in support of its contention that Vickers' counting and his reciting the alphabet were not testimonial: *Dawkins v. State,* 822 S.W.2d 668 (Tex.App.—Waco 1991), *pet. ref'd per*

*curiam,* 825 S.W.2d 709 (Tex.Crim.App. 1992); *Chadwick v. State,* 766 S.W.2d 819 (Tex.App.—Dallas 1988), *aff'd,* 795 S.W.2d 177 (Tex.Crim.App.1990); *Smith v. State,* 202 Ga.App. 701, 415 S.E.2d 495 (1992); *Lankford v. State,* 204 Ga.App. 405, 419 S.E.2d 498 (1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 972, 122 L.Ed.2d 127 (1993); *People v. Bugbee,* 201 Ill.App.3d 952, 147 Ill.Dec. 381, 559 N.E.2d 554 (1990); *State v. Maze,* 16 Kan. App.2d 527, 825 P.2d 1169 (1992); *State v. Zummach,* 467 N.W.2d 745 (N.D.1991); *State v. Fasching,* 453 N.W.2d 761 (N.D. 1990); and *State v. Erickson,* 802 P.2d 111 (Utah App.1990) (per curiam). We do not find *Chadwick, Smith, Lankford, Zummach, Fasching,* or *Erickson* persuasive because none mentions *Muniz,* the case we find to be determinative of this question.

In *Dawkins,* the court of appeals noted that the United States Supreme Court in *Muniz* had left this question undecided. *Dawkins,* 822 S.W.2d at 672. It then relied on *Chadwick,* a pre-*Muniz* case that held that reciting of the alphabet and counting backwards are not testimonial because these communications are physical evidence of the functioning of appellant's mental and physical faculties. *Id.* The court additionally noted that neither counting nor reciting the alphabet involves an express or implied assertion of fact or belief. *Id.* The court concluded that Dawkins' right to be free from self-incrimination was not violated. *Id.*

In *Muniz,* the United States Supreme Court held that in a driving while intoxicated case where the defendant's mental state is at issue, a response elicited by the police from the defendant in the absence of a *Miranda* warning, that shows that his mind is confused, is testimonial and must be suppressed because it is obtained in violation of the defendant's right to be free of self-incrimination as guaranteed by the Fifth Amendment to the United States Constitution. *Muniz,* 496 U.S. at 598–600, 110 S.Ct. at 2649, 110 L.Ed.2d at 550–51.

In *Dawkins* the court of appeals did not discuss the question as to whether a request by police of the defendant to count or recite the alphabet is designed to elicit a response showing that the defendant's mind is confused.

The conclusion reached in *Chadwick* that the evidence is only evidence of the physical functioning of the defendant's brain was just as compelling in *Muniz* as it is here, or as it was in *Chadwick,* but the Supreme Court expressly rejected it. *See Muniz,* 496 U.S. at 593, 110 S.Ct. at 2646, 110 L.Ed.2d at 546.

The conclusion by the *Dawkins* court that these tests do not call for an express or implied assertion of fact is not correct. The request that the defendant count backwards from ninety to seventy-five and to recite the alphabet from "f" to "w" is in effect a question to the defendant as to what those particular letters or numbers are. An individual whose brain is properly functioning can ordinarily answer such a question. Answering the question incorrectly, as by misreciting the alphabet from "f" to "w," or by not being able to count the numbers, constitutes evidence that the defendant's mind is confused, in the same way that Muniz's brain was shown to be confused by his inability to answer the question relating to the date of his sixth birthday.

In *Bugbee,* the Illinois appellate court also appeared to rely on the notion that the acts of counting and reciting the alphabet are not testimonial because they merely provide physical evidence of the functioning of the brain. *See Bugbee,* 147 Ill.Dec. at 385, 559 N.E.2d at 558. As we have just noted, this idea was expressly rejected in *Muniz* as to a question concerning Muniz's sixth birthday. The court in *Bugbee* makes no effort to distinguish counting and alphabet recitation from questions concerning one's birthday. The court simply notes the *Muniz* ruling, then proceeds to rely on pre-*Muniz* authority, just as the court in *Dawkins* did.

In *Maze,* the Kansas appellate court held that recitation of the alphabet is not testimonial in that it does not require a suspect to communicate any personal beliefs or knowledge of facts. *Maze,* 825 P.2d at 1173. As we have discussed previously, the conclusion that a request that a defendant count or recite the alphabet does not call for the defendant to communicate his knowledge of facts is erroneous because such a request

calls for the defendant to communicate his knowledge of what those numbers and letters are. As noted in *Muniz,* when the defendant's answer to a question that someone with an unimpaired mind would know the answer to is incorrect, then his response is testimonial because it is evidence that his mind is confused. *See Muniz,* 496 U.S. at 598–600, 110 S.Ct. at 2649, 110 L.Ed.2d at 550–51.

The *Maze* court relied on pre-*Muniz* authority as well as *Bugbee* and *Zummach,* which, as we have previously noted, made no mention of *Muniz.* The court did, however, also rely on the case of *Stange v. Worden,* 756 F.Supp. 508 (D.Kan.1991). In *Stange,* the Federal District Judge did seek to distinguish reciting of the alphabet and counting from the sixth birthday inquiry in *Muniz.* The court, in holding that such sobriety tests were not testimonial, stated that reciting the alphabet does not require the same revealing mental computation of a sixth year birthdate so that such a task, like the task of counting aloud, "so minimally require[s] an assertion of fact that it strains constitutional analysis to find the response testimonial and thus protected." *Stange,* 756 F.Supp. at 510. The court in *Stange* did not discuss why *Muniz* would not apply in view of the fact that such tests call for responses from the defendant that show the confusion of his mind, in a case where the state of his mind is at issue, in just the same way as the sixth birthday question did in *Muniz.*

■ The State contends that Vickers waived error because his trial objection that his statements were the result of custodial interrogation does not comport with his argument on appeal that his responses were testimonial. We hold that the objection made by Vickers at trial is the same as that presented here. This is shown by the fact that the prosecutor, during the discussion of Vickers' objections, states to the court that Vickers' responses were not testimonial. Where the correct ground of exclusion was obvious to the judge and opposing counsel, no waiver results from a general or imprecise objection. *Zillender v. State,* 557 S.W.2d 515, 517 (Tex. Crim.App.1977) (opinion on reh'g).

■ The State also contends that Vickers waived error by not specifically referring to the Fifth Amendment in his objection. We hold that under these facts the Fifth Amendment basis of the objection was understood and presumed by all concerned. Consequently, we hold that Vickers preserved error even though he did not expressly refer to the amendment. *See id.*

The State relies on *Zillender* and on the case of *Delk v. State,* 855 S.W.2d 700 (Tex. Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 481, 126 L.Ed.2d 432 (1993). As we have noted, the opinion of the court of criminal appeals in *Zillender* supports our position that there was no waiver. In *Delk,* the court of criminal appeals declined to consider a point of error in which the appellant failed to indicate *on appeal* whether his claim that the Texas statutory scheme was unconstitutional was based upon the Texas or United States Constitution and did not provide any authority. We find that case to be distinguishable because it does not relate to the sufficiency of an objection, where the basis for the objection appeared to be obvious to all concerned, and where on appeal the appellant has presented ample authority for the basis of his point of error. We hold that Vickers did not waive this objection.

■ The State contends that even if the evidence concerning Vickers' recital of the alphabet or counting was improperly admitted, any error in its admission was harmless.

■ We must reverse the judgment unless we determine, beyond a reasonable doubt, that the error in admitting the evidence made no contribution to Vickers' conviction or to his punishment. TEX.R.APP.P. 81(b)(2). In making that determination we are to focus on the error, rather than the propriety of the outcome of the trial; trace the probable impact of the error upon the jury; and determine whether it contributed to the conviction or punishment. *Harris v. State,* 790 S.W.2d 568, 585–87 (Tex.Crim.App. 1989). We will consider the nature of the error, the extent to which it was emphasized by the State, and whether declaring it harmless would be likely to encourage the State to repeat it with impunity. *Id.* at 587. We will evaluate the entire record in a neutral, im-

partial, and even-handed manner, not in the light most favorable to the prosecution. *Id.* at 586.

Other evidence presented at trial showed that Vickers rear-ended another car at a stop light, then got out and uttered a racial epithet to the driver of the other car, who was of a different race. The police were near the scene on other business at the time of the collision. When they arrived, Vickers fumbled with his wallet, dropped it on the ground a few times, and hit his head on the car while looking for identification. He had an odor of alcohol on his breath, and his eyes were bloodshot. Vickers had an open bottle of malt liquor between a box and the driver's seat of his van and two partially empty wine bottles behind his seat.

One of two investigating police officers testified that while still out at the scene he administered to Vickers a horizontal eye gaze nystagmus test, a one-leg stand test, a walk and turn test, and a nose touch test. He indicated that Vickers did not perform any of those tests in a satisfactory manner.

The officer testified that he also asked Vickers, out at the scene, to count backwards from sixty-seven to forty-three and to recite the entire alphabet. He said that Vickers counted down to sixty-two, paused, then jumped to forty-eight and began counting up. He indicated that Vickers said the alphabet from "a" to "g," mumbled a little bit, and then said "x, y, z." Although the same objection was made at trial to that test as was made to the similar tests made and videotaped later, Vickers does not complain on this appeal of the admission of that testimony.

The videotape shown to the jury portrays sobriety tests conducted in a video room at the Fort Worth Police Department headquarters. On the video, Vickers could not maintain his balance beyond just a few seconds despite numerous attempts. He successfully completed a test in which he was asked to hold his head back at an angle with his nose in the air, and he did fairly well on the test in which he walked a straight line heel to toe. He appeared to do fairly well on a test in which he was asked to touch his nose, but it is a little difficult to determine from the tape whether he was touching his nose.

The prosecutor mentioned the counting and the recitation of the alphabet in his closing argument in the context of discussing Vickers' performance of the sobriety tests administered to him. He referred both to the counting and alphabet recitation at the scene and in the videotape. Vickers' counsel also referred to them in his response.

Vickers did not testify during the guilt/innocence phase of the trial.

As noted, the other evidence admitted in addition to the improperly admitted evidence, such as evidence of the occurrence of the accident, of Vickers' conduct and physical condition at the scene, and of Vickers' performance in the other sobriety tests all lead to the conclusion that Vickers was intoxicated on the occasion in question. We believe that the error Vickers complains of here would have had no effect on the average rational juror in determining whether Vickers was intoxicated. Also, as we have noted, prior decisions of Texas courts have indicated that such evidence is properly admitted. We have no reason to believe, therefore, that the prosecutors of this district, following this opinion, are likely to repeat this error with impunity.

Consequently, in accordance with the requirements of *Harris,* we hold beyond a reasonable doubt that the error in the admission of this evidence did not contribute either to Vickers' guilt or to the punishment assessed. We overrule point of error number one.

Vickers urges in points of error numbers two and three that the same evidence is inadmissible in violation of his rights under article I, section 10 of the Texas Constitution and under articles 38.21, 38.22, and 38.23 of the Texas Code of Criminal Procedure. Even if the evidence was also inadmissible as being taken in violation of Vickers' rights under the Texas Constitution or Texas statutes, we have noted that such admission was harmless. Consequently, we overrule points of error numbers two and three.

In point of error number four, Vickers urges that the trial court erred by allowing

two witnesses to state their opinions that his character as a peaceful and law-abiding citizen was bad, even though the only basis for their opinion was the fact that they had arrested him for D.W.I. He insists that to be qualified to testify concerning the character of an accused, a witness must have been familiar with the reputation, or with the underlying facts or information on which the opinion is based, prior to the day of the offense. He relies on rule 405(a) of the Texas Rules of Criminal Evidence. Having made no objection on this basis at the trial court, Vickers has not preserved any error for our review. We overrule point of error number four.

The judgment is affirmed.