IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-142-CR





BRAD LEE PASCHAL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY 



NO. 377,631, HONORABLE DAVID E. PURYEAR, JUDGE PRESIDING



 





 Appellant entered a no contest plea before the trial court and was convicted of the
offense of driving a motor vehicle in a public place while intoxicated. Appellant appeals and
asserts in three points of error that the trial court erred in failing to suppress his oral statements
that he could not perform two field sobriety tests, because the statements were not voluntary, as
the court ruled, but were the product of custodial interrogation obtained in violation of Tex.
Const. art. I, § 10, and Tex. Code Crim. Proc. Ann. art. 38.22 (West 1979). We will affirm the
judgment.

 At about 1:30 a.m., May 30, 1992, Austin Police Officer Samuel Ramirez saw "a
red-over-black Chevy S10 Blazer" swerving from lane to lane on Research Boulevard. Ramirez
activated his emergency lights and followed the Blazer. The Blazer driver drove about two blocks
and entered a convenience store parking lot and stopped. Ramirez approached the Blazer on the
driver's side. Appellant was the driver and sole occupant of the Blazer. Ramirez smelled a strong
alcoholic odor coming from within the Blazer. When Ramirez asked appellant to see his driver's
license, appellant "passed over it" several times before he found it and showed it to Ramirez. 
Ramirez asked appellant to get out and walk to the back of the Blazer. Appellant had to steady
himself by leaning on the Blazer. When appellant reached the back of the Blazer, appellant
announced that he "had too much to drink to be driving." Ramirez asked appellant if he was
willing to do some field sobriety tests to determine whether he would be able to drive safely. 
Appellant attempted to recite the alphabet but was unable to do so correctly. When appellant was
asked to do a balancing test and "a finger-to-nose test," he said he could not do these tests. 
Appellant attempted twice to do the "heel-to-toe" test, but he completely failed both times. 
Appellant refused to do any more tests. Ramirez arrested and handcuffed appellant and advised
him of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). Ramirez found eleven, twelve-ounce cans of cold beer and some partially eaten food in the Blazer.

 On hearing appellant's motion to suppress, the trial court ruled that appellant's
statements that he could not do two of the field sobriety tests would be admitted as volunteered
statements. Appellant urges that the statements "I can't do this test" were the result of custodial
interrogation and were therefore not voluntary. These statements, he argues, were unlawfully
obtained in violation of appellant's state constitutional and statutory rights.

 Jones v. State, 795 S.W.2d 171 (Tex. Crim. App. 1990), cited by both appellant
and the State, controls the disposition of this case. In that case, the Court of Criminal Appeals
held that: "Police requests that suspects perform the sobriety tests and directions on how suspects
are to do these tests do not constitute `interrogation'. . . . If the police limit themselves to these
sorts of questions, they are not `interrogating' a DWI suspect." Id. at 176, see also Chadwick
v. State, 795 S.W.2d 177 (Tex. Crim. App. 1990). Police questioning incident to "activity
normally attendant to arrest and custody" of a DWI suspect is not "interrogation." Jones, 795 at
172.

 Officer Ramirez asked appellant if he was willing to do some sobriety tests and
instructed him how to do these tests. Appellant attempted, but failed to do two of the tests. 
Without attempting to do them, appellant stated he could not do the other two tests. Perhaps the
reason he could not do these tests is explained by his other voluntary statement that he "had too
much to drink to be driving." Appellant acknowledges that the latter statement was volunteered.

 Appellant's statements that he could not do the two field sobriety tests were not the
result of interrogation. Ramirez's questioning incident to the field sobriety tests was activity
normally attendant to appellant's arrest and custody as a DWI suspect; it was not "interrogation"
likely to be perceived as calling for an incriminating response. The trial court properly held that
the statements were volunteered and were not the result of "interrogation" or its functional
equivalent. Appellant's points of error are overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Aboussie, Jones and Dally*

Affirmed

Filed: June 22, 1994

Do Not Publish







* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).