The STATE of Texas, Appellant,

v.

Ricardo Francisco ACOSTA, Appellee.

No. 10–97–001–CR.

Court of Appeals of Texas,
Waco.

Sept. 3, 1997.

James M. Kuboviak, County Attorney, Bryan, for appellant.

Jim W. James, Law Office of Jim W. James, Bryan, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

---

## OPINION

DAVIS, Chief Justice.

The State charged Appellee Ricardo Francisco Acosta by information with the misdemeanor offense of driving while intoxicated. *See* Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1575 (former TEX.REV.CIV. STAT. ANN. art. 6701*l*-1(b)), *repealed by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704. Acosta filed a motion to suppress a videotape which recorded the manner in which he performed sobriety tests at the Brazos County Jail. At a pretrial hearing, the court granted the motion in part and suppressed the audio portion of the videotape in which Acosta attempted to count backwards from thirty to one.

The State brings this interlocutory appeal from the court's suppression order under article 44.01(a)(5) of the Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon Supp.1997). By a single point of error, the State contends that the court erred in granting Acosta's motion to suppress.

The State relies on our decision in *Dawkins v. State* and later cases citing *Dawkins*, 822 S.W.2d 668, 672 (Tex.App.—Waco 1991), *pet. ref'd per curiam*, 825 S.W.2d 709 (Tex. Crim .App.1992); *accord Vester v. State*, 916 S.W.2d 708, 712–13 (Tex.App.—Texarkana 1996, no pet.); *Branch v. State*, 932 S.W.2d 577, 580–81(Tex.App.—Tyler 1995, no pet.). These cases were all decided on Fifth Amendment grounds.

Acosta responds that even if the trial court's decision is incorrect under Fifth Amendment principles, we must nevertheless affirm the suppression ruling because the court did not specify whether its ruling was based on the Fifth Amendment, the state constitution, or state statutory grounds.

However, because the trial court did not enter a written order, we abated this appeal because it was premature. *See State v. Acosta*, 948 S.W.2d 555, 556 (Tex.App.—Waco 1997, order). Upon abatement, the trial court prepared a written order which also contained findings of fact and conclusions of law. In this order, the trial court states that it suppressed the evidence on the belief that Acosta's Fifth Amendment rights were violated. Thus, because the trial court has expressly set forth the basis upon which it suppressed the evidence, we limit this opinion to a discussion of whether the evidence was properly suppressed under the Fifth Amendment.

Officer Robert Wilson with the Brazos Valley Narcotics Task Force stopped Acosta on November 5, 1993, for suspicion of driving while intoxicated ("DWI"). After observing Acosta's condition and after having Acosta attempt sobriety tests at the scene, Wilson arrested him. At the jail, Acosta attempted additional sobriety tests which Wilson recorded on videotape. One of these tests required Acosta to count backwards from thirty to one. Wilson read Acosta his *Miranda* warnings after he had completed the sobriety testing at the jail.

At the suppression hearing, Acosta asked the court to suppress the aural evidence of Acosta attempting to count backwards. The court suppressed the evidence by a written order concluding that Wilson's request that Acosta perform the test violated his Fifth Amendment rights. In the order, the court found that "by asking [Acosta] to count backwards from thirty, while in police custody and before reading *Miranda* warnings, [Wilson] was seeking a testimonial response to a custodial interrogation in violation of [Acosta's] 5th Amendment rights."

Acosta argues that the counting exercise which Wilson required him to perform is testimonial in nature and thus, subject to the strictures of the Fifth Amendment. *See Pennsylvania v. Muniz*, 496 U.S. 582, 598–600, 110 S.Ct. 2638, 2649, 110 L.Ed.2d 528 (1990); *Vickers v. State*, 878 S.W.2d 329, 330 (Tex.App.—Fort Worth 1994, pet. ref'd).

In *Dawkins* we held that counting is not testimonial in nature because it does not involve "an express or implied assertion of fact." *Dawkins*, 822 S.W.2d at 672; *compare Muniz*, 496 U.S. at 597, 110 S.Ct. at 2648; *but cf. Vickers*, 878 S.W.2d at 331. The Supreme Court expressly declined to decide this issue in *Muniz*. *Muniz*, 496 U.S. at 603 n. 17, 110 S.Ct. at 2651 n. 17. Thus we relied on other precedents for our decision. *Dawkins*, 822 S.W.2d at 672 (citing *Jones v. State*, 795 S.W.2d 171, 176 (Tex.Crim.App.1990); *Chadwick v. State*, 795 S.W.2d 177, 177 (Tex. Crim.App.1990)).

The Supreme Court has not addressed this question. Acosta cites *Vickers* as the only authority which disagrees with our analysis in *Dawkins*.[1] We continue to believe that *Dawkins* represents a correct statement of the law. The counting which Wilson requested Acosta to perform did not require "an express or implied assertion of fact." *Dawkins*, 822 S.W.2d at 672. Thus, Wilson's request did not elicit a testimonial response. *Id.*

Because Acosta's response to the counting test was not testimonial, Wilson had no need to give him his *Miranda* warnings prior to the test. *See Morris v. State*, 897 S.W.2d 528, 531 (Tex.App.—El Paso 1995, no pet.) (citing *Jones*, 795 S.W.2d at 176). Thus, the court erred in suppressing the aural evidence of Acosta attempting to perform this test.

Because the counting test performed by Acosta was not testimonial and because it was not made pursuant to custodial interrogation, the court erred in suppressing the aural evidence of his performance. Thus, we sustain the State's sole point.

We reverse the suppression order and remand this cause for further proceedings consistent with this opinion.

---

1. Our research reveals that no clear majority rule has emerged among the states after *Muniz*. Five have held that recitation of the alphabet and/or counting exercises are not testimonial in nature. *Lankford v. State*, 204 Ga.App. 405, 419 S.E.2d 498, 500 (Ga.Ct.App.1992), *cert. denied*, 506 U.S. 1051, 113 S.Ct. 972, 122 L.Ed.2d 127 (1993) (alphabet); *People v. Bugbee*, 201 Ill. App.3d 952, 147 Ill.Dec. 381, 559 N.E.2d 554, 558 (1990) (alphabet); *State v. Maze*, 16 Kan. App.2d 527, 825 P.2d 1169, 1173 (1992) (alphabet); *Vanhouton v. Commonwealth*, 424 Mass. 327, 335–337, 676 N.E.2d 460, 466 (1997) (alphabet); *State v. Zummach*, 467 N.W.2d 745, 746 (N.D.1991) (alphabet), The Arizona Court of Appeals, Division One, reached a similar decision although the sobriety testing in issue is unclear from the court's opinion. *State v. Lee*, 184 Ariz. 230, 908 P.2d 44, 47 (1995) (citing *State v. Theriault*, 144 Ariz. 166, 696 P.2d 718, 719 (1984)). *Theriault* involved both recitation of the alphabet and counting exercises. *Theriault*, 696 P.2d at 719.

Four have reached the opposite conclusion, although two of these limited their decisions to state constitutional grounds. *Allred v. State*, 622 So.2d 984, 987 (Fla.1993) (alphabet and counting) (decided on state constitutional grounds only); *State v. Fish*, 321 Or. 48, 60, 893 P.2d 1023, 1030 (1995) (alphabet and counting) (decided on state constitutional grounds only); *Commonwealth v. Conway*, 368 Pa.Super. 488, 497–500, 534 A.2d 541, (1987) (alphabet); *State v. Clute*, 480 S.E.2d 85, 88–89 (S.C.Ct.App.1996) (decided admission of alphabet test erroneous under *Muniz*, but harmless in light of other evidence of intoxication).

At least five other states and the District of Columbia addressed the question prior to *Muniz* but have not revisited the issue. The courts of these states concluded that recitation of the alphabet and/or counting exercises are not testimonial in nature. *Oxholm v. District of Columbia*, 464 A.2d 113, 114 (D.C.1983) (alphabet); *McAvoy v. State*, 70 Md.App. 661, 523 A.2d 618, 623 (Md.Ct.Spec.App.1987), *aff'd*, 314 Md. 509, 551 A.2d 875 (1989) (alphabet); *People v. Burhans*, 166 Mich.App. 758, 762–63, 421 N.W.2d 285, 288 (1988) (counting); *State v. Thompson*, 237 Mont. 384, 387, 773 P.2d 722, 724 (1989) (alphabet); *State v. Meek*, 444 N.W.2d 48, 50 (S.D. 1989) (alphabet and counting); *State v. Haefer*, 110 Wis.2d 381, 328 N.W.2d 894, 897 (1982) (the sobriety testing in issue is unclear from the court's opinion, but the court describes it as evoking "words show[ing] the physical manifestations of intoxication").

As noted above in the opinion, two of our sister courts have adopted the analysis of *Dawkins* in published opinions. *Vester v. State*, 916 S.W.2d 708, 712–13 (Tex.App.—Texarkana 1996, no pet.) (alphabet and counting); *Branch v. State*, 932 S.W.2d 577, 580–81(Tex.App.—Tyler 1995, no pet.) (alphabet). Two more have done so in unpublished opinions which carry no precedential authority. *See Overman v. State*, No. 3–95–682–CR, slip op. at 8, 1997 WL 216973 (Tex. App.—Austin May 1, 1997, no pet. h.) (not designated for publication) (alphabet and counting); *Gassaway v. State*, No. 5–94–1898–CR, slip op. at 4–5, 1996 WL 616331 (Tex.App.—Dallas Oct. 25, 1996, pet. granted) (on rehearing) (not designated for publication) (alphabet and counting); *but cf.* TEX.R.APP. P. 90(i) (unpublished opinions must not be cited as authority). On April 30, the Court of Criminal Appeals granted review of *Gassaway* on a single ground, "Whether the court of appeals erred in holding that appellant's 5th amendment rights were not violated when the jury was allowed to view the appellant reciting the alphabet on a D.W.I. videotape." *Gassaway v. State*, No. 97–0037 (pending before the Court of Criminal Appeals).