IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00313-CV

 

Ronald Calvin,

                                                                                    Appellant

 v.

 

Jim L. Beard,

                                                                                    Appellee

 

 



From the County Court at Law No.
2

Brazos County, Texas

Trial Court No. 4898-B

 



ORDER OF REFERRAL TO MEDIATION










 

            Appellant, Ronald Calvin, noted in his
docketing statement that he is unopposed to this appeal being mediated.

            The Legislature has provided for the
resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2005).  The policy behind
ADR is stated in the statute: “It is the policy of this state to encourage the
peaceable resolution of disputes . . . and the early settlement of pending
litigation through voluntary settlement procedures.”  Id. § 154.002
(Vernon 2005).  Mediation is a form of ADR.  Mediation is a mandatory but
non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.

            We find that this appeal is
appropriate for mediation.  See id. § 154.021(a) (Vernon 2005); 10th Tex. App. (Waco) Loc. R. 9.

            The parties are ordered to confer and
attempt to agree upon a mediator.  Within fourteen days after the date of this
Order, Appellant is ordered to file a notice with the Clerk of this Court which
either identifies the agreed-upon mediator or states that the parties are
unable to agree upon a mediator.  If the notice states that the parties are
unable to agree upon a mediator, this Court will assign a mediator.

            Mediation must occur within thirty
days after the date the above-referenced notice agreeing to a mediator is filed
or, if no mediator is agreed upon, within thirty days after the date of the
order assigning a mediator.

            No less than seven calendar days
before the first scheduled mediation session, each party must provide the
mediator and all other parties with an information sheet setting forth the
party’s positions about the issues that need to be resolved.  At or before the
first session, all parties must produce all information necessary for the
mediator to understand the issues presented.  The mediator may require any
party to supplement the information required by this Order.

            Named parties must be present during
the entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate
party to settlement.

            Immediately after mediation, the
mediator must advise this Court, in writing, only that the case did or did not
settle and the amount of the mediator’s fee paid by each party.  The mediator’s
fees will be taxed as costs.  Unless the mediator agrees to mediate without
fee, the mediator must negotiate a reasonable fee with the parties, and the
parties must each pay one-half of the agreed-upon fee directly to the mediator.

            Failure or refusal to attend the
mediation as scheduled may result in the imposition of sanctions, as permitted
by law.  

            Any objection to this Order must be
filed with this Court and served upon all parties within ten days after the
date of this Order, or it is waived. 

            We refer this appeal to mediation.  

            The appeal and all appellate deadlines
are suspended as of the date of this Order.  The suspension of the appeal is
automatically lifted when the mediator’s report to the Court is received.  If
the matter is not resolved at mediation, any deadline that began to run and had
not expired by the date of this Order will begin anew as of the date the
mediator’s report to the Court is received.  Any document filed by a party
after the date of this Order and prior to the filing of the mediator’s report
will be deemed filed on the same day, but after, the mediator’s report is
received.

 

PER
CURIAM

Before
Chief Justice Gray,

        Justice
Reyna, and

        Justice
Davis

Order
issued and filed October 6, 2010

Do
not publish





Brazos County, Texas
Trial Court # 410-94
                                                                                                                 

O P I N I O N
                                                                                                                 

      The State charged Appellee Ricardo Francisco Acosta by information with the misdemeanor
offense of driving while intoxicated. See Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3,
1983 Tex. Gen. Laws 1568, 1575 (former Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b)), repealed
by Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704. 
Acosta filed a motion to suppress a videotape which recorded the manner in which he performed
sobriety tests at the Brazos County Jail. At a pretrial hearing, the court granted the motion in part
and suppressed the audio portion of the videotape in which Acosta attempted to count backwards
from thirty to one.
      The State brings this interlocutory appeal from the court’s suppression order under article
44.01(a)(5) of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 44.01(a)(5)
(Vernon Supp. 1997). By a single point of error, the State contends that the court erred in granting
Acosta’s motion to suppress.
        The State relies on our decision in Dawkins v. State and later cases citing Dawkins. 822
S.W.2d 668, 672 (Tex. App.—Waco 1991), pet. ref’d per curiam, 825 S.W.2d 709 (Tex. Crim
.App. 1992); accord Vester v. State, 916 S.W.2d 708, 712-13 (Tex. App.—Texarkana 1996, no
pet.); Branch v. State, 932 S.W.2d 577, 580-81(Tex. App.—Tyler 1995, no pet.). These cases
were all decided on Fifth Amendment grounds.
      Acosta responds that even if the trial court’s decision is incorrect under Fifth Amendment
principles, we must nevertheless affirm the suppression ruling because the court did not specify
whether its ruling was based on the Fifth Amendment, the state constitution, or state statutory
grounds.
      However, because the trial court did not enter a written order, we abated this appeal because
it was premature. See State v. Acosta, No. 10-97-001-CR, slip op. at 2 (Tex. App—Waco July 23,
1997, order). Upon abatement, the trial court prepared a written order which also contained
findings of fact and conclusions of law. In this order, the trial court states that it suppressed the
evidence on the belief that Acosta’s Fifth Amendment rights were violated. Thus, because the trial
court has expressly set forth the basis upon which it suppressed the evidence, we limit this opinion
to a discussion of whether the evidence was properly suppressed under the Fifth Amendment.
      Officer Robert Wilson with the Brazos Valley Narcotics Task Force stopped Acosta on
November 5, 1993, for suspicion of driving while intoxicated (“DWI”). After observing Acosta’s
condition and after having Acosta attempt sobriety tests at the scene, Wilson arrested him. At the
jail, Acosta attempted additional sobriety tests which Wilson recorded on videotape. One of these
tests required Acosta to count backwards from thirty to one. Wilson read Acosta his Miranda
warnings after he had completed the sobriety testing at the jail.
      At the suppression hearing, Acosta asked the court to suppress the aural evidence of Acosta
attempting to count backwards. The court suppressed the evidence by a written order concluding
that Wilson’s request that Acosta perform the test violated his Fifth Amendment rights. In the
order, the court found that “by asking [Acosta] to count backwards from thirty, while in police
custody and before reading Miranda warnings, [Wilson] was seeking a testimonial response to a
custodial interrogation in violation of [Acosta’s] 5th Amendment rights.”
      Acosta argues that the counting exercise which Wilson required him to perform is testimonial
in nature and thus, subject to the strictures of the Fifth Amendment. See Pennsylvania v. Muniz,
496 U.S. 582, 598-600, 110 S. Ct. 2638, 2649, 110 L. Ed. 2d 528 (1990); Vickers v. State, 878
S.W.2d 329, 330 (Tex. App.—Fort Worth 1994, pet. ref’d).
      In Dawkins we held that counting is not testimonial in nature because it does not involve “an
express or implied assertion of fact.” Dawkins, 822 S.W.2d at 672; compare Muniz, 496 U.S. at
597, 110 S. Ct. at 2648; but cf. Vickers, 878 S.W.2d at 331. The Supreme Court expressly
declined to decide this issue in Muniz. Muniz, 496 U.S. at 603 n.17, 110 S. Ct. at 2651 n.17. 
Thus we relied on other precedents for our decision. Dawkins, 822 S.W.2d at 672 (citing Jones
v. State, 795 S.W.2d 171, 176 (Tex. Crim. App. 1990); Chadwick v. State, 795 S.W.2d 177, 177
(Tex. Crim. App. 1990)).
      The Supreme Court has not addressed this question. Acosta cites Vickers as the only authority
which disagrees with our analysis in Dawkins.


 We continue to believe that Dawkins represents
a correct statement of the law. The counting which Wilson requested Acosta to perform did not
require “an express or implied assertion of fact.” Dawkins, 822 S.W.2d at 672. Thus, Wilson’s
request did not elicit a testimonial response. Id.
      Because Acosta’s response to the counting test was not testimonial, Wilson had no need to give
him his Miranda warnings prior to the test. See Morris v. State, 897 S.W.2d 528, 531 (Tex.
App—El Paso 1995, no pet.) (citing Jones, 795 S.W.2d at 176). Thus, the court erred in
suppressing the aural evidence of Acosta attempting to perform this test.
      Because the counting test performed by Acosta was not testimonial and because it was not
made pursuant to custodial interrogation, the court erred in suppressing the aural evidence of his
performance. Thus, we sustain the State’s sole point. 
      We reverse the suppression order and remand this cause for further proceedings consistent with
this opinion.
 
 
                                                                               REX D. DAVIS
                                                                               Chief Justice
 
 
Before Chief Justice Davis
            Justice Cummings and
            Justice Vance
Reversed and remanded
Opinion delivered and filed September 3, 1997
Publish