PEOPLE v BURHANS

Docket No. 95754. Submitted January 20, 1988, at Lansing. Decided March 7, 1988.

Georgina Burhans was arrested by Lansing police officers for operating a motor vehicle while under the influence of liquor. She refused to take a preliminary breath test. The arresting officers informed her of her rights, transported her to the police station, and had her perform a series of four physical sobriety tests. The sobriety tests were videotaped and Burhans was informed of that fact prior to the taking of the tests. According to the arresting officers, Burhans failed all four tests. Trial was held in district court and Burhans moved to suppress the video tape of the sobriety tests. The motions were denied, and the jury viewed the video tape. Defendant was found guilty of OUIL. Burhans appealed to the Ingham Circuit Court, contending that showing the video tape to the jury violated her Fifth Amendment right against self-incrimination and Sixth Amendment right to counsel. The court, James T. Kallman, J., affirmed Burhans' conviction, holding that the presence of counsel was not required during the sobriety tests and that the videotaping was nontestimonial, so Burhans' Fifth and Sixth Amendment rights were not violated. Burhans appealed to the Court of Appeals by leave granted, contending that the videotaping of

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 127, 308, 377.

Am Jur 2d, Criminal Law §§ 944-949, 972-974.

Am Jur 2d, Evidence § 801.5.

Admissability of visual recording of event or matter giving rise to litigation or prosecutiion. 41 ALR4th 812.

Denial of accused's request for initial contact with attorney—drunk driving cases. 18 ALR4th 705.

Request before submitting to chemical sobriety test to communicate with counsel as refusal to take test. 97 ALR3d 852.

Admissability of videotape film in evidence in criminal trial. 60 ALR3d 333.

Right of motorist stopped by police officers for traffic offense to be informed at that time of his federal constitutional rights under Miranda v Arizona. 25 ALR3d 1076.

the sobriety tests violated her rights against self-incrimination under both the Michigan and United States Constitutions.

The Court of Appeals *held:*

1. The videotaping of Burhans' performance of the physical sobriety tests did not violate her privilege against self-incrimination. The circuit court properly affirmed the district court's denial of Burhans' motions to suppress the video tape.

2. Burhans did not have a right to have counsel present during the physical sobriety tests.

3. It was not necessary to inform Burhans of her *Miranda* rights prior to requesting her to perform the sobriety tests.

4. The videotaping of the sobriety tests was proper under the statute which allows the introduction of any competent evidence indicating intoxication.

Affirmed.

1. CRIMINAL LAW — SOBRIETY TESTS — VIDEOTAPING — SELF-INCRIMINATION.

The videotaping of a defendant's performance of physical sobriety tests does not violate the constitutional privilege against self-incrimination where the tests do not compel the defendant to give any evidence of a testimonial or communicative nature.

2. CRIMINAL LAW — SOBRIETY TESTS — VIDEOTAPING — RIGHT TO COUNSEL.

The right to counsel does not extend to the videotaping of physical sobriety tests where the videotaping is merely the gathering of physical evidence and does not involve evidence of a testimonial or communicative nature.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, *Robert B. Ebersole,* Chief Appellate Attorney, and *Susan L. LeDuc,* Assistant Prosecuting Attorney, for the people.

*Gerald C. Beckwith,* for defendant on appeal.

Before: GRIBBS, P.J., and J. B. SULLIVAN and W. J. GIOVAN,* JJ.

GRIBBS, P.J. Defendant Georgina Burhans ap-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

peals by leave granted from an Ingham Circuit Court order affirming her district court conviction for operating a motor vehicle while under the influence of liquor (OUIL), MCL 257.625(1); MSA 9.2325(1). We affirm.

On July 17, 1985, at around 7:30 P.M., Sergeant Bennett of the Lansing Police Department stopped defendant's car because he saw her drive erratically and run through a red light. Defendant's breath smelled of alcohol, her speech was slurred, and she had trouble standing up. Bennett read defendant her *Miranda*[1] warnings and arrested her for OUIL. Bennett asked defendant to take a preliminary breath test, which she refused. Defendant resisted getting into Bennett's police car, so Bennett called Lansing Police Officer Lewis to help him put defendant into Lewis' patrol car. Bennett and Lewis took defendant to the Lansing police station and reread defendant her *Miranda* warnings at 8:15 P.M.

About one hour after defendant's arrest, Bennett and Lewis asked defendant to perform a series of physical sobriety tests, which were videotaped. It is standard procedure at the Lansing Police Department to videotape OUIL suspects while they perform these sobriety tests. Officer Lewis pointed out the video camera to defendant prior to asking defendant to perform these tests and informed defendant that she was being videotaped. Lewis read defendant the instructions for each sobriety test and then demonstrated each test to defendant. The four tests were: (1) walking heel to toe; (2) standing on one leg while counting to twenty; (3) reciting the alphabet; and (4) counting one to four on her fingers by touching each finger to her thumb. It was the officers' opinion that defendant

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

failed each test. Officer Lewis recorded defendant's test performance on video tape.

Defendant moved to suppress the video tape of her sobriety tests in a pretrial motion and at the beginning of her trial. The district court denied both motions.

Defendant was tried for OUIL in a jury trial. Bennett and Lewis both testified regarding defendant's actions and performance of the four physical sobriety tests. The video tape of defendant's sobriety tests was admitted into evidence and viewed by the jury. The jury viewed the video tape a second time during its deliberations. The jury found defendant guilty of OUIL.

Defendant appealed her conviction to the Ingham Circuit Court, contending that showing the video tape to the jury violated her Fifth Amendment right against self-incrimination and Sixth Amendment right to counsel. The circuit court affirmed defendant's conviction, holding that the presence of counsel was not required during the sobriety tests and that the videotaping was nontestimonial, so defendant's Fifth and Sixth Amendment rights were not violated.

Defendant contends that videotaping the sobriety tests violated her rights against self-incrimination under both the Michigan and United States Constitutions.

Michigan's constitutional provision against self-incrimination, Const 1963, art 1, § 17, is construed no more liberally than the Fifth Amendment to the United States Constitution. *Paramount Pictures Corp v Miskinis,* 418 Mich 708, 728; 344 NW2d 788 (1984); *Bowerman v MacDonald,* 157 Mich App 368, 372; 403 NW2d 140 (1987), lv gtd on other grounds 428 Mich 910 (1987). The constitutional privilege against self-incrimination protects a defendant from being compelled to testify

against himself or from being compelled to provide the state with evidence of a testimonial or communicative nature. *Schmerber v California,* 384 US 757, 761; 86 S Ct 1826; 16 L Ed 2d 908 (1966); *Bowerman,* 157 Mich App 372. Thus, the question is whether the videotaping of defendant's taking field sobriety tests is of a testimonial or communicative nature.

Compulsion which makes a defendant a source of real or physical evidence does not violate the Fifth Amendment's privilege against self-incrimination. *Schmerber,* 384 US 764. Compelling a defendant to perform actions which demonstrate identifying physical characteristics, such as handwriting or voice exemplars, does not compel a defendant to give testimonial or communicative evidence and so does not violate the privilege against self-incrimination. *United States v Dionisio,* 410 US 1, 5; 93 S Ct 764; 35 L Ed 2d 67 (1973); *Gilbert v California,* 388 US 263, 266-267; 87 S Ct 1951; 18 L Ed 2d 1178 (1967). See also *People v Petrac,* 89 Mich App 188; 280 NW2d 478 (1979) (handwriting exemplars); *People v Killebrew,* 16 Mich App 624; 168 NW2d 423 (1969) (defendant in lineup told to put on his hat and coat).

We hold that the videotaping of defendant's performance of the physical sobriety tests did not violate her privilege against self-incrimination. The tests given tested defendant's physical coordination as a means of determining her sobriety and did not compel defendant to give any evidence of a testimonial or communicative nature. Instead, these tests demonstrated the identifying physical characteristics of defendant's intoxication and are thus analogous to handwriting or voice exemplars, which are not protected by the privilege against self-incrimination. This result is consistent with

the result reached by essentially every state court to address this issue.[2]

To repeat, the taking of a sobriety test is not a violation of defendant's rights against self-incrimination, nor does videotaping defendant's sobriety tests transform the objective results of those tests into testimonial or communicative evidence. See *People v Heading*, 39 Mich App 126, 131; 197 NW2d 325 (1972). A video tape reveals no more than what the officers observed and are allowed to testify about. It is a visual and aural corroboration of the officers' testimony. *State v Haefer*, 110 Wis 2d 381, 386; 328 NW2d 894 (1982). As such it obviously enhances and renders more accurate the jury's understanding of defendant's condition. The circuit court properly affirmed the district court's denial of defendant's motions to suppress the video tape.[3]

Defendant also contends that she was entitled to counsel when the police videotaped the sobriety tests and that her failure to expressly waive her right to counsel required police not to proceed with the tests until counsel was made available to her.

Although defendant was given her *Miranda* rights prior to being requested to perform the sobriety tests, we conclude that this was not required since defendant was not subject to custodial

[2] See, e.g., *McAvoy v State*, 70 Md App 661; 523 A2d 618 (1987); *Delgado v State*, 691 SW2d 722 (Tex App, 1985); *State v Taylor*, 199 NJ Super 339; 489 A2d 720 (1984); *State v Roadifer*, 346 NW2d 438 (SD, 1984); *State v Theriault*, 144 Ariz 166; 696 P2d 718 (Ariz App, 1984); *Oxholm v District of Columbia*, 464 A2d 113 (DC App, 1983); *State v Haefer*, 110 Wis 2d 381; 328 NW2d 894 (1982); *People v Ramirez*, 199 Colo 367; 609 P2d 616 (1980); *City of Piqua v Hinger*, 15 Ohio St 2d 110; 238 NE2d 766 (1968), cert den 393 US 1001; 89 S Ct 484; 21 L Ed 2d 466 (1968).

[3] Of course, an evidentiary foundation must be established before the videotape can be introduced into evidence. *Heading*, 39 Mich App 132. Defendant, however, does not claim that a proper evidentiary foundation was not established in this case.

interrogation and because we hold that defendant did not have a right to counsel during the physical sobriety tests. The right to counsel extends to all "critical" stages of the proceedings where counsel's absence might harm defendant's right to a fair trial. *United States v Wade,* 388 US 218, 228; 87 S Ct 1926; 18 L Ed 2d 1149 (1967); *People v Barnett,* 163 Mich App 331, 335; 414 NW2d 378 (1987). The right to counsel does not extend to the gathering of physical evidence from a defendant, such as blood tests or handwriting samples, because there is a minimal risk of harm due to attorney absence. *Gilbert v California,* 388 US 263, 267; 87 S Ct 1951; 18 L Ed 2d 1178 (1967); *Wade,* 388 US 228; *Barnett,* 163 Mich App 335.

This Court has held that there is no right to counsel prior to the taking of the Breathalyzer test due to the minimal risk that defense counsel's absence will harm a defendant's right to a fair trial. *People v Jelneck,* 148 Mich App 456, 461; 384 NW2d 801 (1986), lv den 425 Mich 876 (1986); *Holmberg v 54-A Judicial District Judge,* 60 Mich App 757, 760; 231 NW2d 543, lv den 394 Mich 838 (1975). Additionally, due to the rapid rate that the body rids itself of alcohol, obtaining counsel prior to sobriety testing is impractical because the delay in obtaining an attorney would interfere with the accurate appraisal of the defendant's intoxication. *Jelneck,* 148 Mich App 461. These concerns apply equally to the videotaping of defendant's field sobriety tests. In fact, videotaping serves to fulfill the role an attorney would perform of providing an independent corroboration of how the sobriety tests were conducted. We conclude that defendant's Sixth Amendment rights to counsel were not violated. Moreover, to the extent defendant argues her Fifth Amendment rights to counsel were violated after she had been given her *Mi-*

*randa* warnings, we disagree since the police were not engaged in interrogation of defendant but the videotaping of physical evidence.

Lastly, defendant contends that the videotaping of the sobriety tests was improper since it was not authorized by statute. On the contrary, to the extent authorization was needed, we believe the videotaping was proper under MCL 257.625(a)(7); MSA 9.2325(1)(7), which allows the introduction of any competent evidence indicating intoxication in addition to chemical analysis of the person's blood, urine or breath. Because defendant has not raised or challenged any foundational defect in the introduction of the video tape into evidence, we affirm her conviction.

Affirmed.