# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DANELL DUPRIEST JERNAGIN,

Defendant-Appellant.

UNPUBLISHED
January 27, 2015

No. 316615
Oakland Circuit Court
LC No. 2012-241497-FC

Before: MURRAY, P.J., and SAAD and K. F. KELLY, JJ.

PER CURIAM.

A jury convicted defendant of three counts of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(b)(*ii*) (relationship with a victim at least 13 but less than 16 years of age). The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to a prison term of 30 to 75 years for each conviction, to be served concurrently. Defendant appeals as of right. We affirm.

Defendant was convicted of sexually assaulting his teenage stepdaughter. The victim described three separate incidents in which defendant sexually abused her in the family home during a period spanning the Thanksgiving holiday in 2011 through February 2012. After defendant was bound over for trial following a preliminary examination, he requested a polygraph examination, which was conducted in September 2012. Defense counsel was not present during the polygraph examination. Deputy Christopher Lanfear, the officer who conducted the examination, testified at trial that defendant admitted engaging in sexual activity with the victim, but claimed that the activity was consensual and was initiated by the victim, and that the victim was lying about the dates.

## I. THE POLYGRAPH EXAMINATION

Defendant presents several arguments relating to the polygraph examination procedure and the admission at trial of his statements made during the polygraph examination. Although defendant did not object to the admission of his statements at trial, he raised his arguments in a postjudgment motion for a new trial, which the trial court denied. In *People v Terrell*, 289 Mich App 553, 558-559; 797 NW2d 684 (2010), this Court set forth the following standards for reviewing a trial court's decision to grant or deny a motion for a new trial:

We review for an abuse of discretion a trial court's decision to grant or deny a new trial. *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008). An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes. *People v Blackston*, 481 Mich 451, 467; 751 NW2d 408 (2008). Underlying questions of law are reviewed de novo, *People v Washington*, 468 Mich 667, 670-671; 664 NW2d 203 (2003), while a trial court's factual findings are reviewed for clear error, MCR 2.613(C); *People v Cress*, 468 Mich 678, 691; 664 NW2d 174 (2003). "A trial court may grant a new trial to a criminal defendant on the basis of any ground that would support reversal on appeal or because it believes that the verdict has resulted in a miscarriage of justice." *People v Jones*, 236 Mich App 396, 404; 600 NW2d 652 (1999), citing MCR 6.431(B).

Because defendant was charged with first-degree CSC, he was permitted to request a polygraph examination under MCL 776.21(5). Defendant does not dispute that he requested the polygraph examination, and he agrees that statements made while submitting to a polygraph examination are generally admissible. See *People v Ray*, 431 Mich 260, 267-268; 430 NW2d 626 (1988). He contends, however, that the prosecution and the police abused that opportunity to obtain statements from him that were not knowingly, intelligently, and voluntarily made.

Both the state and federal constitutions guarantee the right against self-incrimination. US Const, Am V; Const 1963, art 1, § 17. Statements made by an accused while subject to custodial interrogation are not admissible unless, prior to the questioning, the accused is warned (1) that he has a right to remain silent, (2) that his statements could be used against him, and (3) that he has the right to counsel. The accused must have voluntarily, knowingly, and intelligently waived his rights. *Miranda v Arizona*, 384 US 436, 467; 86 S Ct 1602; 16 L Ed 2d 694 (1966); *People v Daoud*, 462 Mich 621, 633; 614 NW2d 152 (2000); *People v Harris*, 261 Mich App 44, 55; 680 NW2d 17 (2004).

We reject defendant's argument that the polygraph interrogation was conducted in violation of his Sixth Amendment right to counsel. The right to counsel is also guaranteed under both the Fifth and Sixth Amendments of the United States Constitution. US Const, Am V, Am VI. See also Const 1963, art 1, §§ 17, 20. The Sixth Amendment right to counsel attaches once criminal proceedings have been initiated. *Moore v Illinois*, 434 US 220, 231; 98 S Ct 458; 54 L Ed 2d 424 (1977). Defendant had already been arraigned and a preliminary examination had already been held by the time defendant requested the polygraph examination in September 2012. Therefore, defendant's Sixth Amendment right to counsel, which includes the right to the effective assistance of counsel, had attached before the polygraph interrogation. *Strickland v Washington*, 466 US 668, 687-688; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Frazier*, 478 Mich 231, 244 n 11; 733 NW2d 713 (2007). Once the Sixth Amendment right to counsel has attached, it may still be waived. *Montejo v Louisiana*, 556 US 778, 786-787; 129 S Ct 2079; 173 L Ed 2d 955 (2009).

A valid waiver must be voluntary, knowing, and intelligent. *People v McElhaney*, 215 Mich App 269, 274; 545 NW2d 18 (1996). "Whether a waiver is voluntary was determined by examining police conduct, but the determination whether it was made knowingly and intelligently depends, in part, on the defendant's capacity." *People v Tierney*, 266 Mich App

687, 707; 703 NW2d 204 (2005). "The existence of a knowing and intelligent waiver of the Sixth Amendment right to counsel depends upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *McElhaney*, 215 Mich App at 274. Observing the requirements for *Miranda* warnings under the Fifth Amendment is generally sufficient to ensure that a defendant's waiver of his right to counsel during post-indictment questioning is knowing and intelligent.[1] *Id.* at 275-277, citing *Patterson v Illinois*, 487 US 285, 298-300; 108 S Ct 2389; 101 L Ed 2d 261 (1988). See also *Montejo*, 556 US at 786-787. An officer is not required to advise the defendant of the gravity of his position and the urgency of his need for a lawyer. *McElhaney*, 215 Mich App at 276.

It was defendant who initiated the police interrogation by requesting the polygraph examination. The record does not support defendant's claim that he did not knowingly agree to be interrogated or interviewed without his attorney present. Defense counsel testified at a posttrial evidentiary hearing that he advised defendant of the process involved in submitting to a polygraph examination, which included a waiver of his rights to remain silent and the right to the assistance of counsel during the examination process. Consistent with this testimony, defense counsel submitted a copy of a letter that he sent to the prosecutor requesting the polygraph examination, which included counsel's statement that he had advised defendant that he would have to sign a form waiving his rights in order to take the examination.

The record also supports the trial court's finding that defendant was provided with an advice-of-rights form at the time of the police interview, which notified defendant of his right to remain silent and his right to counsel. The record does not, however, support defendant's contention that he was unable to read and understand the form. Defense counsel testified that he provided defendant with all of the discovery materials, and defendant never mentioned that he was unable to read or write. On the contrary, defendant demonstrated an ability to read and write during trial when he communicated with defense counsel with notes, some of which referred to preliminary examination testimony.

Accordingly, the record supports the trial court's finding that defendant made a knowing and intelligent waiver of his right to counsel and right to remain silent when he agreed to a polygraph examination.

Defendant also argues that his statements during the police interrogation were not voluntary because the police improperly used the polygraph procedure to coerce his admissions. In *Tierney*, 266 Mich App at 707-708, this Court explained:

---

[1] Defendant's reliance on *People v Williams*, 470 Mich 634, 641; 683 NW2d 597 (2004), as setting forth the test for a valid waiver of the right to counsel is misplaced. That case addresses waivers of counsel when a defendant elects to represent himself at trial. In *McElhaney*, 215 Mich App at 275, this Court observed that a more formal inquiry is required before a defendant may waive his right to counsel at a trial than is required for a waiver for purposes of post-indictment questioning.

The right against self-incrimination is guaranteed by both the United States Constitution and the Michigan Constitution. US Const, Am V; Const 1963, art 1, § 17; *People v Cheatham*, 453 Mich 1, 9; 551 NW2d 355 (1996) (opinion by BOYLE, J.). Statements of an accused made during a custodial interrogation are inadmissible unless the accused voluntarily, knowingly, and intelligently waives that Fifth Amendment right. *Miranda, supra* at 444.

\* \* \*

. . . In determining voluntariness, the court should consider all the circumstances, including: "[1] the age of the accused; [2] his lack of education or his intelligence level; [3] the extent of his previous experience with the police; [4] the repeated and prolonged nature of the questioning; [5] the length of the detention of the accused before he gave the statement in question; [6] the lack of any advice to the accused of his constitutional rights; [7] whether there was an unnecessary delay in bringing him before a magistrate before he gave the confession; [8] whether the accused was injured, intoxicated or drugged, or in ill health when he gave the statement; [9] whether the accused was deprived of food, sleep, or medical attention; [10] whether the accused was physically abused; and [11] whether the suspect was threatened with abuse." *People v Cipriano*, 431 Mich 315, 334; 429 NW2d 781 (1988). No single factor is determinative. [*People v Sexton*, 461 Mich, 746, 753; 609 NW2d 822 (2000).] "The ultimate test of admissibility is whether the totality of the circumstances surrounding the making of the confession indicates that it was freely and voluntarily made." *Cipriano, supra* at 334. [Bracketed numbers in original.]

It was undisputed before the trial court that it was defendant who initiated the police questioning by requesting the polygraph examination. Moreover, the trial court recognized that defendant had prior experience with the criminal justice system and knew that he did not have to talk to the police, and knew that he could invoke his right to counsel or to remain silent. The record also supports the conclusion that defendant had the ability to read and write. There was no evidence that defendant was ill, under the influence of any drugs or alcohol, deprived of medication, physically abused, threatened, hungry, or sleep-deprived at the time of the interview. Defendant does not dispute that he was provided with a form before the interview that advised him of his rights and that he was given an opportunity to review the form. There is no evidence that the interview was unduly long. In sum, there is no record support for defendant's argument that the police used the polygraph examination procedure to coerce an otherwise voluntary confession. The trial court did not err.

Defendant further contends that he should have been allowed to have his attorney present during the polygraph examination, either in the room where the interview occurred or in another room where counsel could observe the interview over a closed-circuit television. As previously explained, defendant had the right to counsel, but validly waived that right. Although defendant had a statutory right to a polygraph examination, he was not allowed to dictate how the examination should be conducted. Once he requested the examination, he was subject to the police agency's procedures. See *People v Manser*, 250 Mich App 21, 31-32; 645 NW2d 65 (2002), overruled on other grounds in *People v Miller*, 482 Mich 540, 561 n 26; 759 NW2d 850

(2008). Moreover, defendant had conferred with defense counsel before the examination, and he did not assert his right to counsel to stop the examination before or during the interview. Accordingly, defendant is not entitled to relief on this basis.

Finally, defendant challenges the admission of his statements on the basis that the interview was not recorded by the police. Defendant was interviewed on September 18, 2012. At that time, this state did not require a custodial interrogation to be recorded as an element of due process.[2] *People v Geno*, 261 Mich App 624, 627; 683 NW2d 687 (2004); *People v Fike*, 228 Mich App 178, 184; 577 NW2d 903 (1998). Accordingly, the failure to record defendant's interview did not preclude the admission at trial of any statements made during the interview.

For these reasons, the trial court did not abuse its discretion in denying defendant's motion for a new trial with respect to this issue.

## II. PROSECUTORIAL ERROR

Defendant next argues that the prosecutor's conduct related to defendant's decision to request a polygraph examination, and to use any statements that defendant made during the examination at trial, deprived him of a fair trial. Claims of prosecutorial error are decided case by case and the challenged conduct must be considered in context. *McElhaney*, 215 Mich App at 283. The test for prosecutorial misconduct is whether the defendant was denied a fair trial. *People v Bahoda*, 448 Mich 261, 266-267; 531 NW2d 659 (1995).

Defendant reiterates that he did not waive his right to counsel or his right against self-incrimination when he agreed to the polygraph examination. He appears to argue that the prosecutor engaged in misconduct by somehow convincing him to take the polygraph examination and misusing that process. As previously indicated, it was defendant who elected to exercise his statutory right to a polygraph examination, and the record demonstrates that defendant knowingly and intelligently waived his right to remain silent and his right to the assistance of counsel when he agreed to the polygraph examination. His statements made during the examination were also voluntarily made. Accordingly, the trial court did not err in rejecting defendant's claim of misconduct associated with the decision to submit to the polygraph examination.

Defendant also argues that the prosecutor engaged in misconduct by the manner in which he questioned Deputy Lanfear about defendant's statements. Prosecutorial error may not be predicated on good-faith efforts to admit evidence. *People v Noble*, 238 Mich App 647, 660; 608 NW2d 123 (1999). The prosecutor is entitled to attempt to introduce evidence that he legitimately believes will be accepted by the trial court, so long as it does not prejudice the defendant. *Id*. at 660-661. At trial, the prosecutor questioned Deputy Lanfear about his interviewing method. Lanfear explained that he did not ask specific questions, but allowed defendant to tell his side of the story after Lanfear informed defendant that he was aware of the

---

[2] MCL 763.8, as added by 2012 PA 479, effective March 28, 2013, now requires that custodial interrogations be recorded in certain specified circumstances.

investigation. The prosecutor then followed up and asked Lanfear about a technique he used to evaluate defendant's side of the story, which involved paying attention to defendant's account. Deputy Lanfear found it significant that defendant focused on blaming the victim rather than professing his innocence. The trial court briefly excused the jury out of concern that Lanfear's testimony was suggestive of some type of scientific technique. When the jury returned, the trial court further questioned Lanfear who clarified that there was no scientific basis for concluding that a person is lying if they continually blame the other person.

Defendant does not dispute that neither the prosecutor nor Lanfear ever referred to a polygraph examination at trial. To the extent that the prosecutor's questioning may have suggested that Lanfear's testimony was based on some scientific method for determining whether defendant was being truthful, any perceived prejudice was cured when the trial court intervened to clarify that Lanfear was only explaining his interviewing technique, and not suggesting that there was a scientific basis for determining whether defendant was lying. Accordingly, the prosecutor's questions did not deprive defendant of a fair trial, and the trial court did not abuse its discretion in denying defendant's motion for a new trial with respect to this issue.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant raises two arguments of ineffective assistance of counsel, one of which was raised before and decided by the trial court. We review the trial court's findings of fact in relation to a claim of ineffective assistance of counsel for clear error. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Whether those facts satisfy the test for ineffective assistance of counsel involves a question of constitutional law, which we review de novo. *Id.* To the extent that defendant raises an ineffective assistance of counsel claim that was not raised in the trial court, our review is limited to errors apparent from the record. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). To establish ineffective assistance of counsel, defendant must show that counsel's performance fell below an objective standard of reasonableness, and resulting prejudice. *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994). Defendant must overcome the presumption that the challenged action might be considered sound trial strategy. *People v Tommolino*, 187 Mich App 14, 17; 466 NW2d 315 (1991). To establish prejudice, defendant must show that there is a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different. *People v Johnson*, 451 Mich 115, 124; 545 NW2d 637 (1996). The burden is on defendant to produce factual support for his claim of ineffective assistance of counsel. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

### A. FAILURE TO FILE A MOTION TO SUPPRESS

Defendant argues that defense counsel was ineffective for not moving to suppress defendant's statements made during the polygraph examination interview, and for not ensuring that defendant understood the polygraph procedure.

As explained in section I, there is no basis for concluding that defendant's statements during the polygraph examination interview were inadmissible. Further, the record does not support defendant's argument that he was not adequately advised of the polygraph procedure,

including that he would be waiving his right to remain silent and his right to the assistance of counsel during the polygraph examination. The trial court found that defendant was able to read and write, that defendant was advised of his rights in the form that Deputy Lanfear provided to him at the time of the polygraph examination. The court also found that defense counsel's testimony at the evidentiary hearing established that "[d]efendant was advised of the ramifications of his agreeing to take the polygraph examination, and that he waived his right against self-incrimination." These findings are supported by the evidence of defendant's written communications with defense counsel, the testimony of Deputy Lanfear and Detective Buchmann regarding the advice-of-rights form that was provided to defendant before the polygraph examination, and defense counsel's testimony at the evidentiary hearing. Accordingly, the trial court did not err in finding that "[d]efense counsel did not have an argument to make that would have persuaded the Court that the statements were inadmissible." Counsel is not ineffective for failing to file a futile motion. *People v Darden*, 230 Mich App 597, 605; 585 NW2d 27 (1998).

## B. EXPERT TESTIMONY

Defendant lastly argues that defense counsel was ineffective for not calling an expert witness to testify regarding the "usual hallmarks" of pedophiles or a predatory relationship, to show that defendant did not engage in such behavior with the victim. "An attorney's decision whether to retain witnesses, including expert witnesses, is a matter of trial strategy." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). A defendant has a heavy burden to overcome the presumption that counsel employed effective trial strategy. *Id.* The failure to call a witness will generally constitute ineffective assistance of counsel only if it deprived the defendant of a substantial defense. *Id.*

Defendant has not established any factual support for this argument. This Court previously denied defendant's motion to remand with respect to this issue because defendant did not offer any proposed expert testimony or even identify a possible expert. Without such evidence, defendant's claim that an expert witness could have provided favorable testimony in merely speculative. *Id.* Defendant has also not established a reasonable probability that the outcome of the trial would have been different if an expert had testified. Although defendant again requests that this Court remand this matter to allow him to further develop the record regarding this issue, because defendant has not made an appropriate offer of proof, such as submitting an affidavit from a proposed expert summarizing any proposed testimony, defendant has not demonstrated that a remand is warranted.

Affirmed.

/s/ Christopher M. Murray
/s/ Henry William Saad
/s/ Kirsten Frank Kelly

-7-